J-S44006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD TERANTINO, | |
| Appellant | No. 44 EDA 2017 |

Appeal from the Judgment of Sentence Entered August 6, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001848-2013

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 16, 2017**

Appellant, Edward Terantino, appeals *nunc pro tunc* from the August 6, 2015 judgment of sentence of 48 to 96 months' incarceration. Additionally, Appellant's counsel, Hillary A. Madden, Esq., seeks to withdraw her representation of Appellant.  After careful review, we deny counsel's petition to withdraw and remand with instructions.

In March of 2014, Appellant was convicted, following a jury trial, of involuntary deviate sexual intercourse (of a person less than 16 years of age) (hereinafter, "IDSI"), statutory sexual assault, and aggravated indecent assault (of a person less than 16 years of age).[1]  The facts underlying Appellant's convictions are unnecessary to our disposition of his appeal at

_____

[1] 18 Pa.C.S. §§ 3123(a)(7), 3122.1, and 3125(8), respectively.

this juncture. For these offenses, Appellant was sentenced to an aggregate term of 9 to 18 years' incarceration, which included a mandatory minimum sentence of 5 years' incarceration, pursuant to 42 Pa.C.S. § 9718, for Appellant's IDSI conviction.

Appellant filed a timely direct appeal and, while this Court found meritless the sole issue he presented therein (a claim that the trial court erred by allowing certain expert testimony), we *sua sponte* vacated Appellant's mandatory minimum sentence under section 9718, as that statute has been struck down as unconstitutional in the wake of ***Alleyne v. United States***, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt). ***See Commonwealth v. Terantino***, No. 2311 EDA 2014, unpublished memorandum at 6-8 (Pa. Super. filed April 14, 2015) (relying on ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa. Super. 2014), *aff'd by*, 140 A.3d 651 (Pa. 2016) (holding that 42 Pa.C.S. § 9718 is unconstitutional pursuant to ***Alleyne***)). Accordingly, we vacated Appellant's sentence and remanded for resentencing. ***See Terantino***, No. 2311 EDA 2014, unpublished memorandum at 8.

On remand, the trial court resentenced Appellant on August 6, 2015, to a term of 4 to 8 years' incarceration for his IDSI conviction, and to a concurrent term of 2 to 4 years' incarceration for his aggravated indecent assault offense. His statutory sexual assault conviction merged for sentencing purposes.

Appellant filed a timely motion for reconsideration of his sentence, which the court denied. Appellant then filed a notice of appeal, but his counsel at that time did not file a brief with this Court, resulting in Appellant's appeal being dismissed. Thereafter, the court appointed Appellant new counsel, Attorney Madden, who filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the restoration of Appellant's right to appeal from his August 6, 2015 resentencing. On October 28, 2016, the court granted Appellant's petition and reinstated his right to file a direct appeal. On November 23, 2016, Attorney Madden filed the *nunc pro tunc* notice of appeal that is presently before this Court. Attorney Madden also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement, wherein she preserved the following three issues for our review:

> 1. The trial court erred in denying [Appellant's] Motion to Dismiss for lack of jurisdiction due to the expiration of the statute of limitations.
>
> 2. The trial court erred in denying [Appellant's] Motion to Dismiss due to staleness and pre-arrest delay in violation of [Appellant's] constitutional rights to due process.
>
> 3. The trial court abused its discretion in imposing an excessive sentence.

Pa.R.A.P. 1925(b) Statement, 12/14/16, at 1.

On March 6, 2017, Attorney Madden filed with this Court a petition to withdraw as counsel. Therein, Attorney Madden erroneously states that she is seeking to withdraw under **Commonwealth v. Turner**, 544 A.2d 927

- 3 -

(Pa. 1998), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). A *Turner/Finley* 'no-merit' letter is the appropriate filing when counsel seeks to withdraw on appeal *from the denial of PCRA relief*. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). While Attorney Madden was initially representing Appellant during the post-conviction proceedings through which his direct appeal rights were reinstated, the present appeal is from Appellant's *judgment of sentence*. Accordingly, to withdraw, Attorney Madden must satisfy the more stringent dictates of *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

We recognize that this Court has accepted an *Anders/Santiago* brief in lieu of a *Turner/Finley* letter, reasoning that *Anders/Santiago* "provides greater protection to a defendant" than does *Turner/Finley*. *Widgins*, 29 A.3d at 817 n.2. However, we are aware of no legal authority suggesting that this Court may accept a *Turner/Finley* 'no-merit' letter in lieu of an *Anders* brief.

Moreover, while we acknowledge that Attorney Madden has filed a brief that seems to substantially comply with *Anders/Santiago*, the letter that she sent to Appellant informing him that she is seeking to withdraw is inadequate in one important regard. Specifically, Attorney Madden informed Appellant that he has "the right to proceed with [his] appeal *pro se* or, if [he is] financially able to do so, hire private counsel of [his] choosing." Petition to Withdraw, 3/6/17, at Exhibit E (letter to Appellant dated March 1, 2017).

Arguably, Attorney Madden's statement to Appellant would satisfy *Turner/Finley*, which requires counsel to, *inter alia*, "inform the PCRA petitioner that upon the filing of counsel's petition to withdraw, the petitioner-appellant has the immediate right to proceed in the appeal *pro se* or through privately-retained counsel." *Commonwealth v. Muzzy*, 141 A.2d 509, 512 (Pa. Super. 2016) (emphasis omitted). However, to comply with *Anders/Santiago*, counsel must advise the appellant

> of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) **raise any points that the appellant deems worthy of the court['s] attention in addition to the points raised by counsel in the Anders brief**." *Commonwealth v. Nischan,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (emphasis added). Attorney Madden did not inform Appellant of the third right emphasized above.

Accordingly, Attorney Madden has not satisfied the requirements of *Anders/Santiago* and we must deny her petition to withdraw and remand with the following instructions. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) ("If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw as counsel and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on [the] [a]ppellant's behalf).") (citation omitted). We direct that Attorney Madden file - within **30 days** of the date of this decision - either an

advocate's brief on Appellant's behalf, or a petition to withdraw and brief that comply with **Anders/Santiago**. Counsel must include therein a copy of a letter to Appellant advising him of all three of the rights enumerated above. Thereafter, we will provide Appellant thirty days, from the date of Attorney Madden's letter, within which to respond to counsel's petition to withdraw.

Petition to withdraw denied. Case remanded with instructions. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2017